UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| ROBERT L. WHITTAKER, | ) |  |
|---|---|---|
| Plaintiff, | ) |  |
| v. | ) | No. 4:19-cv-2929-SNLJ |
| UNKNOWN FRAZIER, | ) |  |
| Defendant. | ) |  |

## MEMORANDUM AND ORDER

This matter is before the Court on the motion of plaintiff Robert L. Whittaker, a prisoner, for leave to commence this civil action without prepaying fees or costs. Having reviewed the motion and the financial information submitted in support, the Court has determined to grant the motion, and assess an initial partial filing fee of $20.51. Additionally, for the reasons discussed below, the Court will dismiss the complaint, without prejudice.

### 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action *in forma pauperis* is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to his account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly

payments to the Clerk of Court each time the amount in the account exceeds $10.00, until the filing fee is fully paid. *Id.*

In support of the instant motion, plaintiff submitted an inmate account statement showing an average monthly deposit of $102.56 and an average monthly balance of $20.13. The Court will therefore assess an initial partial filing fee of $20.51, which is twenty percent of plaintiff's average monthly deposit.

## Legal Standard on Initial Review

This Court is required to dismiss a complaint filed *in forma pauperis* if it is frivolous, malicious, or fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2). To determine whether an action states a claim upon which relief can be granted, the Court engages in a two-step inquiry. First, the Court determines whether the allegations in the complaint are entitled to the assumption of truth. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). Allegations are not entitled to the assumption of truth if they are merely "legal conclusions" or "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Id.* at 678. Second, the Court determines whether the complaint contains sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

A claim is facially plausible when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," *id.*, and "raise[s] a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Where the well-pleaded facts do not permit the inference of more than the "mere possibility of misconduct," the complaint has alleged, but has not shown, that the pleader is entitled to relief. *Iqbal*, 556 U.S. at 679 (citing Fed. R. Civ. P. 8(a)(2)); *see also Twombly*, 550 U.S. at 557 (if the well-pleaded facts are merely consistent with wrongdoing, the complaint stops short of the line

between possibility and plausibility). Determining whether a complaint states a plausible claim is a context-specific task that requires the court to draw upon judicial experience and common sense. *Iqbal,* 556 U.S. at 679.

This Court must liberally construe complaints filed by laypeople. *Estelle v. Gamble,* 429 U.S. 97, 106 (1976). This means that "if the essence of an allegation is discernible," the court should "construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray,* 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry,* 364 F.3d 912, 914 (8th Cir. 2004)). However, even *pro se* complaints must allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon,* 623 F.2d 1282, 1286 (8th Cir. 1980). Federal courts are not required to assume facts that are not alleged, *Stone,* 364 F.3d at 914-15, nor are they required to interpret procedural rules so as to excuse mistakes by those who proceed without counsel. *See McNeil v. United States,* 508 U.S. 106, 113 (1993).

**The Complaint**

Plaintiff is presently incarcerated at the Northeast Correctional Center. At the times relevant to his complaint, however, he was incarcerated at the St. Louis City Justice Center in St. Louis, Missouri (hereafter "Justice Center"). He brings this action pursuant to 42 U.S.C. § 1983 against Unknown Frazier, who worked as a nurse at the Justice Center. He sues Frazier in an individual capacity. He alleges as follows.

Plaintiff was incarcerated at the Justice Center between August 1, 2015 and April 19, 2017, and was "exposed to tuberculosis." He did not have tuberculosis before being housed at the Justice Center. A staff member "was exposing people to T.B. Tuberculosis." This staff member transported plaintiff to medical, and worked on the third floor. The defendant "allowed

people to be exposed by letting someone with full blown TB get up on the third floor." Plaintiff avers he could not have contracted tuberculosis anywhere but the Justice Center. He states that everyone entering the Justice Center should be tested on the first floor, and kept segregated if they are positive.

Plaintiff also avers he received medication he believes will damage his kidneys, that he will have tuberculosis for the rest of his life, and is suffering from shortness of breath, lung issues, and fatigue. In setting forth the relief he seeks from this Court, he states he is not responsible for contracting tuberculosis. He does not specify any particular amount in damages.

After filing the complaint, plaintiff filed a copy of a July 25, 2018 letter he received explaining his diagnosis and medical regimen; a copy of a June 18, 2019 letter indicating he tested negative for tuberculosis in March of 2017; a copy of a medical record; and a copy of correspondence in which he sought information about tuberculosis exposure at the Justice Center.

In October of 2018, plaintiff filed a 42 U.S.C. § 1983 complaint against the Justice Center and the Missouri Department of Corrections, setting forth substantially the same allegations as in the instant complaint. *See Whittaker v. St. Louis City Justice Center*, No. 4:18-cv-1717-SNLJ (E.D. Mo. Mar. 8, 2019). The case was dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) after the Court determined that plaintiff failed to state a valid claim of municipal liability, and failed to establish that the Missouri Department of Corrections had a policy or custom that violated his constitutional rights.

**Discussion**

Because it appears plaintiff was a pretrial detainee at the time in question, his claims herein arise under the Fourteenth Amendment rather than the Eighth Amendment. *Stickley v.*

4

*Byrd,* 703 F.3d 421, 423 (8th Cir. 2013). However, because the Fourteenth Amendment gives pretrial detainees "at least as great protection" as the Eighth Amendment gives convicts, courts apply the identical standard as that applied to the Eighth Amendment claims of convicts. *Crow v. Montgomery,* 403 F.3d 598, 601 (8th Cir. 2005) (quoting *Owens v. Scott County* Jail, 328 F.2d 1026, 1027 (8th Cir. 2003)).

To state an Eighth Amendment violation related to medical care, a plaintiff must plead facts that show that the defendant acted with deliberate indifference. *Schaub v. VonWald,* 638 F.3d 905, 914 (8th Cir. 2011). To do so, a plaintiff must show that he suffered from an objectively serious medical need, and that the defendant actually knew of, and yet deliberately disregarded, that need. *Schaub,* 638 F.3d at 914. Deliberate disregard is a mental state "equivalent to criminal-law recklessness, which is 'more blameworthy than negligence,' yet less blameworthy than purposely causing or knowingly bringing about a substantial risk of serious harm to the inmate." *Id.* at 914–15 (quoting *Farmer v. Brennan,* 511 U.S. 825, 835, 839–40 (1994)). Allegations amounting to negligence or medical malpractice do not state claims of constitutional significance. *Id., Estate of Rosenberg v. Crandell,* 56 F.3d 35, 37 (8th Cir. 1995).

Here, the complaint contains no allegations that the defendant, or anyone else, deliberately disregarded an objectively serious medical need. Instead, plaintiff ascribes his contraction of tuberculosis to the defendant's negligence. He can also be understood to allege he was prescribed medication he believes will cause side effects. These allegations amount to negligence or medical malpractice. As noted above, such allegations do not state a claim of constitutional dimension. *See id.* Additionally, plaintiff simply alleges he tested positive for tuberculosis after he came to the Justice Center, and speculates that he contracted it there because the defendant was negligent. These wholly speculative and conclusory allegations do not permit

the reasonable inference that the defendant is liable for any misconduct, nor do they "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. They therefore fail to state a facially-plausible claim.

For the foregoing reasons, the Court concludes that plaintiff has failed to state a claim upon which relief may be granted. This is not a situation in which leave to amend is appropriate. Plaintiff clearly intends to rest his claims upon the particular allegations set forth herein. This is especially apparent given that this is the second time plaintiff has filed a complaint to present them. The Court will therefore dismiss this action at this time, without prejudice.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion seeking leave to commence this action without prepaying fees or costs (ECF No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff must pay an initial filing fee of $20.51 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) the statement that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that this case is **DISMISSED** without prejudice. A separate order of dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that plaintiff's Motion to Appoint Counsel (ECF No. 4) is **DENIED** as moot.

**IT IS HEREBY CERTIFIED** that an appeal from this dismissal would not be taken in good faith.

Dated this __6th__ day of April, 2020.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE